thank you your honor Richard Doran on behalf of the appellant insurers may it please the court it is well settled the tribal court jurisdiction is cabined by geography this circuit has written the tribal jurisdiction is of course cabined by geography the jurisdiction of tribal courts does not extend beyond tribal boundaries and because of that it is equally well settled that a jurisdiction over a non-member is actual conduct or activity by that non-member within the boundaries of the reservation well counsel here the claim relates to business losses as I understand it's sustained by tribal businesses on tribal land and that seems to me because there's a consensual contractual relationship between the tribe and the insurers to fit within the first Montana exception what's wrong with that well your honor first of all it is not the place of loss that is relevant to the determination of whether or not there is jurisdiction over the non-member the law is clear that you want that the court should look at the conduct of the non-member here we had the the the member if you will the tribe reach out beyond the boundaries of the reservation to enter into a commercial insurance arrangement through its broker with the insurers about that's a little disingenuous in that didn't the insurance company say basically we offer all tribe insurance and here's what we offer to the tribes and therefore then the tribe responded to that offer it sitting there one day and said gee I think I can eat a little insurance there was active tribal promotion by the company your honor I I don't think that's what the record reflects what the record reflects is that there was in fact a tribal insurance program correct that it was marketed by an entity called tribal first which is part of a liant that when the when the tribe reached out passed the boundaries of its reservation to Brown and Brown its insurance broker its insurance broker then went to an agent then went to another insurance broker a liant and a liant at that point said there is this program for tribes and the tribe but it's advertised for tribes and what it offers as I understand it is insurance that would cover tribal land that's right your honor was it was it was it promoted through a liant for tribes yes was their conduct or activity by the insurers on the reservation as required under the first Montana exception the answer is no and we know that the type of activity or conduct under the first Montana exception and I'm now quoting Plains Commerce Montana and its progeny limit the application of this exception to non-member conduct inside the reservation that implicates the tribe's sovereign interests now as the Supreme Court said in both straight and Plains Commerce Montana's list of cases fitting within the first exception indicates the type of activities the court had in mind and then it goes through a series of cases the court is permitted to tax conduct by non-members on the reservation it's permitted to charge permit fees for activity on the reservation and every Supreme Court case since Montana to apply that first exception has required non-member conduct actually occurring on the reservation there was Marion which was in with it would tell that a tribe could removal of natural resources from tribal land Kerr McGee stating that we stop just a second yes of course your honor which has been cited of course in these tribal cases apart from tax but there there's a part of Marion that's never been repudiated I don't think by the court where they talk about where you the non-member which would be insurance company enters tribal lands or conducts business with the tribe so if the conducting of the business is sufficient under Marion's or clause why would not the sale and offering of property insurance for tribal land fit that your honor that language in Marion has never been applied by the Supreme Court or any other court and in Atkinson trading the Shirley 532 US 645 at 653 the Supreme Court said that that Marion was limited quoting now to transactions occurring on trust lands and significantly involving a tribe or its members it goes on to then say and in Indian tribes sovereign power to tax reaches no further than tribal land and in part in this analysis it quotes that very language no court has ever looked to the phrase that your honor just mentioned and said that that is an expansion of any sort of tribal jurisdiction does the insurance policy issue in this case contain a form selection clause your honor the insurance policy in this case can you start with the yes or no certainly your honor no what it says is that the insurers consent to appear before any court of jurisdiction that has competent jurisdiction that of course doesn't answer the question here it begs the question is tribal court a court of competent jurisdiction if the court were to look at stifled decision out of the Second Circuit you can see that if there's a if there is a form selection clause that may accomplish nothing at all because there you have a tribe proceeding in tribal court and what's what the lesson to draw from that is that a form selection provision may be an agreement between parties about where they should litigate but it doesn't go to tribal court jurisdiction that still stands alone and if a tribe were to come in and say that the that the forum selection clause had been imposed on them or have they been fraudulently induced into entering into it or anything else that's not the first of my question my thrust of my question is the insured company could have put a clause in the policy that required any dispute arising out of or in any way related to the coverage be tried in the US District Court that's right your honor and they didn't that's right your honor and it had that language been in it would not have resolved the question of whether a tribal court had jurisdiction over this matter that question might still end up before this court as it did in the Seventh Circuit in the stifle matter and in any event your honor the limitation that this in the policy and that is that we will only appear in a court of competent jurisdiction well that basically that doesn't drive says that's we agree we didn't get doesn't get us anywhere right that's what brings us here yeah that's what brings us that's what brings us here now I will say your honor that in that same provision it speaks in terms of the insurers identify the state insurance commissioner as the agent for service a process and the insurers reserve the right to remove any matters to federal court two elements that show the expectation that the litigation would occur in courts outside of the tribal does that matter pardon your honor why does that matter that that you you thought maybe you wouldn't have to go to tribal court even though you are insuring tribal commercial properties on tribal land well your honor where we thought we would be does in fact go to whether or not we ever consented to be in tribal court and that is a factor under Plains Commerce and both in this circuit by the way as we're talking about the first exception this circuit held in nighton that the first exception to regulate non-member conduct on tribal lands independent of the authority to exclude exists if that conduct intrudes on a tribes inherent sovereign power to preserve self-government or control internal relations this isn't a regulation per se this isn't taxation or regulation I agree your honor it's not so that but the quotation you just gave us was about regulation and limits on regulation I I wonder are there any cases of which you are aware in which an insurance company has insured tribal commercial properties on tribal land and have not specified a non-tribal court where tribal jurisdiction was denied your honor I'm unaware of any case outside of a district of North Dakota case where that issue has been taken to through to final resolution in the program we're dealing with here for example there are dozens of lawsuits including some in state court here in Kings County by Tulalip in which these programs are being being litigated and the rights under these in this contract dispute your honor what I would say is that the quote I gave you is not about regulation that came under night and that was it under night and in night and there was that was a case as this court knows where a former employee was being sued for embezzlement in tribal court and what the court held if we look very carefully at where that conduct took place because she claimed she had moved outside of the reservation and could not or no longer work in the reservation and therefore could not be sued in tribal court and the holding there was when you embezzled the funds you were working on tribal land within the tribal buildings the physical location of the conduct of the non-member is central where is the physical location of insurance is it the physical location of the property insured and no your honor where is the location it is a financial instrument through which insurers have agreed through a commercial agreement with its insured to to ensure losses suffered by the insured property but the insurer there isn't some metaphysical presence of a non-member that would mean your honor that any business done by any professional service if an accountant is shipped records from from a cut from tribe if a consultant is given information and then offers opinions that helps the tribe regulate their casino and in the they turn out to be liable that that touches upon the land that's business with the court and or with the tribe and yet that cannot create tribal court jurisdiction or what would expand beyond it would eliminate the fundamental containment of tribal of tribal court jurisdiction you make a good point I think on that but maybe a point that goes too far because obviously in this digital age the insurance company doesn't need to come on to the land to sell insurance like people used to do in the West years ago I mean people went door-to-door to sell insurance you don't have to do that anymore you have to get on the internet and enter into a contract so I I hear your concern and that is any possible business transaction could land somebody in tribal court and I'm wondering if there isn't a limiting principle because this isn't just somebody saying the which is located on tribal land it is actual physical tribal land that is the subject of the transaction and isn't there a difference between that and then what you've just kind of spun out of all the possibilities your honor I believe the limiting principle and I do want to stop and reserve my remaining minute and a half for rebuttal but I do believe the limiting proposition is as the Supreme Court has stated as this court is stated as recently as 2019 it is non-member physical conduct or activity on tribal land that is the limitation and that is the limiting principle and this notion of long-distance business is not new this ethereal notion of insurance has been around throughout the evolution of all of this case law and and and this is the standard the Supreme Court and this circuit is set thank you bottom line is there has to be a physical presence of the insurance company a physical or conduct by the insurer or activities by the insurer here to be real clear on what I mean your honor there's a commercial transaction out in the open marketplace and yes it was for a product made attractive to tribes but now the tribes say okay now come into the tribal court because we reached out to you and purchased through our third-party broker this insurance and now we have jurisdiction over you and that cannot be the law thank you your honor morning your honors may it please the court counsel my name is Andrew Branting ham and I'm here today on behalf of the Suquamish Indian tribe to respectfully urge this court to affirm the judgment of the district court below which confirmed appropriately the civil jurisdiction of the tribal court over the insurers the district courts judgment was in accord with Supreme Court precedent with circuit precedent and also with the respect and dignity compelled by the tribe status as a sovereign nation the Supreme Court has stated stated many years ago in fact quote tribal authority over the Indians on reservation lands is an important part of tribal sovereignty and went on to state that civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute and this court in its recent decisions in Indian country dealing with jurisdiction has reiterated that proposition which comes from the case of Iowa Mutual Insurance Company versus LaPlante wherein the United States Supreme Court recognized plausible grounds for tribal court jurisdiction over an insurance coverage dispute in which an off-reservation insurer entered into an insurance agreement to cover losses for tribal members on tribal property this court followed LaPlante as controlling precedent in all state insurance company versus stump to reach the same conclusion on materially identical facts which are in all material respects nearly identical to the facts of this case so I want to ask you then about all state I guess you cite that for this proposition that you do not that a lack of physical presence doesn't preclude the tribal jurisdiction but but that hasn't been cited since Plains Commerce so what do we make of that nothing in Plains Commerce says that physical presence is a prerequisite your honor and as the court has has obviously hit upon the absolute crux of the argument here is physical presence is physical entry on to reservation lands a necessary prerequisite to tribal jurisdiction obviously the insurers say yes if they are wrong this case is over they've all of their arguments fall and they are wrong why do I say what is the best case in your view the question is is physical entry necessary prerequisite to tribal jurisdiction I think they would probably agree that's the crux they say yep I think you say no and I want to know what cases where the court has not had physical entry for tribal jurisdiction was found all state is the best case your honor I think on the facts and it is on all fours but for one single distinction that the insurers have have clung to which is it was an exhaustion case and the court is familiar with that principle but what's critical here is the insurers haven't identified any meaningful way in which the legal analysis should be any different here as between exhaustion versus the ultimate question of correct that physical entry is and always has been the necessary prerequisite to tribal jurisdiction all state would have been decided the opposite way the court in that case said well there's there clearly was no physical entry the insurer in that case argued you can't you can't find jurisdiction because we didn't come on the reservation the court said that doesn't really matter here and there's at least colorable jurisdiction there's no way the court could have reached that conclusion if in fact physical entry would have been required it wouldn't have been colorable there would have been no exhaustion that's how the Philip Morris case came out which just you and I know you're familiar with and that case was very carefully the the discussion focused on the fact that they're only off reservation and conduct was at issue but in that case there was discussion that Philip Morris had marketing contracts with on reservation businesses and the court essentially acknowledged that that would be enough for jurisdiction in that case I want to come back to all state as well on the following point that the final paragraph of all state actually tells us the outcome of this case in all state the district court had a firm tribal court jurisdiction outright and dismissed the federal action and didn't send it back for exhaustion and the panel in all state said quote we declined to go so far in other words we're not going to just affirm outright we're not going that far because for it appears to us the dispute arises not from the party's contractual relationship as the first Montana exception requires but from alleged conduct governed by Montana statute so the claim at issue in all state was a bad faith refusal to settle claim there was this little question about sort of how does that fit in but the court clearly says in that last paragraph if this were just about the contract claim just about the coverage claim tribal jurisdiction is there and that's the case you have in front of you today if I may another case that's not in our circuit stifle steeple yeah that's a bond case correct it is that's right seems like there are some similarities between bonds and insurance but there the seventh circuit determined there wasn't jurisdiction that's right and I was frankly sort of taken aback by counsel's suggestion that stifle stands for the proposition that forum selection clauses are sort of meaningless because stifle is driven by forum selection clauses in stifle the Seventh Circuit followed a line of cases in the Seventh Circuit unique to the Seventh Circuit it stems from a case called Altheimer wherein the court developed a sort of analysis that basically asks looking at the totality of these documents and the party's agreements is this I'm going to paraphrase something the effect of and essentially a reservation affair and in stifle as in the prior the Altheimer case there was a whole raft of bond related documents where the tribe consented and agreed to exclusive jurisdiction in state and federal court in Wisconsin and that's what fundamentally drove the Seventh Circuit's analysis in stifle your honors were exactly right to ask couldn't there just be a forum selection clause in these insurance agreements the answer is of course there could your opposing counsel points out that there's provisions in the policy that service a process goes to the state Commissioner of Insurance is correct I believe that's correct and and that's the insurance company would seek removal to or dispute resolution in federal court is that there I believe it says they can remove they were they reserve their right to remove to federal court yes so in terms of anticipation of what the relationship would develop there's no forum selection clause but there is this clause that says here's who you serve with process and we reserve the right to go to another court sure but where they can be served how they can be served with process I don't think dictates the jurisdiction of the tribal court in any way there wouldn't need to be any forum selection clause they don't need to consent to jurisdiction expressly in the agreement where the court has jurisdiction through their conduct which is the Plains Commerce Bank says that all the cases make clear that consent can be implied by conduct let's look at could you follow up though with the other half of that I understand your argument clearly with respect to service a process which is just kind of off to one side but the reservation of the right to remove how does that play into the analysis I don't think it does honestly I mean a removal would come into play the tribe could have sued in state court I suppose the tribe probably could have sued in federal court I'm not sure but none of that pushes you one way or the other on the tribal courts jurisdiction removal doesn't apply they've they followed the procedure to try to get out of tribal court and and they shouldn't but I don't think removal really tells us one thing or another the fact that they reserve a legal right expressly that always existed doesn't really mean anything I don't think in this context I think it's extraordinarily important to point out and your honors have hit on this some of the undisputed facts at issue here but you know the insurers want to paint this as a an off-reservation transaction it's merely a legal instrument out there in the universe somehow it's a very familiar concept in the law that a party can engage in conduct without being physically present in a particular jurisdiction the first argument you heard today the government was represented by an attorney who I think was in Washington DC was she engaged in conduct in this court I believe she was I think the court would have to say yes in all state there's a discussion of a personal jurisdiction case dealing with a case called I'm gonna get it close to right Prairie La Portage in which in all state that the insurer had challenged personal jurisdiction as well and the court said that argument is foreclosed by our prior case Prairie La Portage where the court said a Canadian insurance company that had never set foot in the United States or certainly  because it issued an insurance policy covering losses through travel in Montana this is an incredibly familiar concept in the law that some of these insurers are domiciled in the UK when they sell insurance in the United States are they not engaged in conduct in the United States in business conduct in the United States of course they are well they would say that's right they probably wouldn't disagree with that but then they would say but that's not enough because you don't have the physical presence so we have all state as one case what Supreme Court case do you think is the best foundation for saying that physical presence is not required I think the best foundation probably remains Laplante your honor because again it's the same facts where it's recognizing that an insurer off the reservation insuring on reservation property is engaged in conduct there that is at least colorably subject to jurisdiction I would also point the court to pivoting away from the Supreme Court here but this court's cases let's kind of stick with this just a second yeah anything else in the Supreme Court we ought to I do not have a Supreme Court case that affirms tribal jurisdiction over a non-member that did not physically enter the reservation it so happens of course many of these arise in older times when grazing cows on the reservation was was the economic activity and so it's not entirely surprising to me that most of them deal with indeed business activity that is physically manifesting in some way but there's no difference here your honor in the sense that the insurers have taken an insurance of interest a financial interest directly in on reservation property and businesses the policies here even give them the contractual right to inspect and audit the property and the operations they are insuring why is that it is because they have a direct financial interest in on reservation business and economic activity because they are agreeing that if something happens to that tribal property on tribal land they will they will make good on it they will pay for it and that is inescapably conduct on tribal land so how where do you draw the line that's a real concern and particularly with e-commerce and internet internet business so where how do you draw and what's the difference between the situation you just laid out and somebody procuring some other kind of inchoate service the best what's the difference the best line already exists in your case law your honor and it is that there must be a as we've used a couple of phrases from Smith from the Grand Canyon Skywalk case there must be a quote direct connection to tribal lands that's what Smith says Grand Canyon Skywalk says a relationship that centers on tribal lands and so again you couldn't get a relationship that more clearly centered on tribal lands than insuring tribal lands here but though that that is built in so for example if a tribe tribal lands are understood to be physical lands correct I think so I mean certainly that it is no question the tribes lands are a geographic jurisdiction the issue here the the sort of metaphysical issue becomes what does conduct on the lands mean and the insurers say conduct conduct conduct I even heard counsel say the case law says physical conduct on the land it doesn't the physical part doesn't exist in the case law no case has ever equated conduct on the land with physical entry none and the Supreme Court in Plains Commerce Bank number one that case as this court has has correctly glossed it was not about tribal lands it was about non-indian-owned fee land right and the court in that case even said we're not even talking about conduct because it was about sale of non-indian-owned fee land and the majority in that case says that's not conduct sale is not conduct Justice Ginsburg in dissent says dictionary seems to say sale is conduct and some people might think so but the court says this isn't even it so that and there's an interesting footnote where the where the majority responds to well we've got to be talking about conduct in the relevant sense within this case law it's not physical that much is it that has never appeared in the case law what really what we're dealing with and as the as the district court recognized is a contractual relationship that is business activity it is akin to the Grand Canyon Skywalk case where a non-member through its as the court said intangible contract interest in an on-reservation business enterprise was subject to the the tribes right to exclude that is a geographically sort of historically centered right to exclude and the court there said this court said sure it's an intangible contractual interest but it's every bit as an intrusion into the tribes lands because obviously it doesn't need to be physical it can happen through a legal arrangement like a contract. If an auto insurance company offers promotes sells insurance policies to tribal members and they're insured as a one-car accident on tribal land as the insurance company agreed to consent to tribal jurisdiction? That I would would compel I think that's right your honor and if I may just finish answering the question. Does straight enter into that? I don't think straight enters into it your honor I mean fundamentally what straight what straight says is adjudicatory authority does not exceed regulatory authority I don't think straight straight certainly doesn't overrule the plant it doesn't overrule any of this courts decisions that I've been talking about it sort of takes the doctrine off in a different direction but it doesn't certainly doesn't say physical entry. I wasn't trying to hijack the question go back to I just want to answer your question judge and then I'll stop I think again consent can be expressed or implied and and you've looked I mean in all state and in other cases we've cited the Turtle Mountain District Court case out of I think it's North Dakota it's the it's the best one I've got I wish it were a federal appellate case but that is on point and the court looks to facts they're showing the insurer knew that it was it was voluntarily insuring tribal members and tribal property on tribal lands and the same is true here your honor the the notion that the insurers here didn't know what they were doing is untenable these are sophisticated parties with the best lawyers on the planet they know exactly what they were doing they did it intentionally consensually and they agreed to engage in conduct on tribal land. One last question does it matter that it's the tribe versus a tribal member? I think that the fact that it's a tribe here and to be clear it's the tribe itself the Tribal Council is literally a named insured on these policies it's also the tribes economic development arm so it's a tribal entity like a tribal member I would say the fact that the tribe itself is a party here only heightens the reality that the tribe sovereign interest is at its maximum at its zenith in this case because it is a sovereign that is trying to decide a sovereign itself as a party the tribe sovereign interests certainly justify jurisdiction here and we urge the court to affirm. Thank you. Thank you. Your honor, may it please the court very briefly Iowa Mutual was was taken on by the Supreme Court twice after it was issued to address exactly the broad statement the council brought up and straight at 520 US at 453 they say we did not intend to expand any doctrine that that tribal jurisdiction remains very narrow in Nevada V Hicks 533 US at 380 to 81 they say we confirmed in straight what we had indicated about Iowa Mutual that it does nothing beyond what Montana does and what Montana says is there is no jurisdiction over non-tribal members unless you fit within one of the exceptions. Now stifle is a highly relevant case the jurisdiction selection clause there only was considered by the court in the context of exhaustion it then went on and did a robust jurisdictional analysis based on the financial instruments there if this court were to find that based on the financial instrument here there is jurisdiction we would have a circuit split and I would be urge this court not to create that particularly when that split would result from the elimination of any tangible limitation on tribal court jurisdiction and there were any need for actual conduct or activity on the reservation would be eliminated last quick point one of the last cases council cited was Grand Canyon I think Grand Canyon is a great case to look at because first of all that case while it talked about an intangible property interest it was talking about an intangible property interest in operating a a tourist attraction deep within the reservation where the land is so beautiful and that's the inherent value in that in that management contract the Allstate case like Grand Canyon by the way was a an exhaustion case and the Supreme Court told us in straight that exhaustion is a prudential rule in deference to the capacity of tribal courts to explain to the parties the precise basis for accepting or rejecting jurisdiction that's 522 US at 450 the point being in an exhaustion case the court looks to see if there are any factors that the tribal court should assess before the in the deference is to let the tribal court look at the variables first so when all counsel can point to is Allstate and Iowa Mutual which which deals exclusively with exhaustion what he's telling you is he has no case in which the Ninth Circuit or the Supreme Court has found jurisdiction under the facts here we ask that the court reverse the district court and find that the thank you thank both counsel for your argument but also for the briefing very helpful and very complete the case of Lexington Insurance Company vs. Smith is submitted and we're adjourned for the morning
judges: HAWKINS, GRABER, McKEOWN